# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                        Case No. 15-CR-108

JAMES ASHFORD,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION ORDER

Before me is defendant James Ashford's ("Ashford") motion to reopen his detention order. (Docket # 142.) Ashford, along with several others, is charged in a single-count indictment with a drug trafficking conspiracy. (Docket # 1.) On June 24, 1015, I held a detention hearing and ordered Ashford detained. (Docket # 81.)

A defendant who has been detained can seek to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Ashford now proposes to be released on property bond or, alternatively, on $5,000 in cash. As grounds for reconsidering the detention order, Ashford states that he now has obtained the supporting documents for his parents' property, which he proposes to post. Additionally, he argues that at the time of the hearing the government alleged that he was involved in two controlled buys; his review of the discovery shows one controlled buy consisting of a government CI providing him

$300 and receiving nothing in return. At the detention hearing, I considered Ashford's arguments for release on cash bond ($5,000 from his mother and an additional $5,000 from his sister). I considered his ties to the community—he is a life-long resident of Milwaukee. He has the support of his parents, siblings, and a girlfriend with whom he shares a child. Based on the those substantial ties, I concluded that Ashford was not a flight risk. However, given Ashford's recent 2014 revocation while on extended supervision for Flee/Elude Officer and the allegation that some of the conduct alleged in the indictment occurred while he was on state supervision, I concluded that Ashford was not a good candidate to comply with conditions of release to mitigate any risk of danger his release would pose to the community. After reviewing the record from the original detention hearing and considering Ashford's new motion, I remain unpersuaded that Ashford is a good candidate for complying with conditions of release. I, therefore, respectfully decline to set conditions of release.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 28th day of August, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge